IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MICHAEL HAYES                                                                PLAINTIFF

V.                                                         NO. 4:17-CV-2-DMB-JMV

RAYMOND WONG;
STEVEN HAYNE, M.D.; and
STARKS HATHCOCK                                                           DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Before the Court are (1) the motion to dismiss of Starks Hathcock and Steven Hayne, Doc. #7; (2) Michael Hayes' motion to remand, Doc. #11; and (3) the Report and Recommendation of United States Magistrate Judge Jane M. Virden, which recommends that the motion to dismiss be granted, Doc. #23.

**I**
**Relevant Procedural History**

On or about June 16, 2016, Michael Hayes filed a 42 U.S.C. § 1983 complaint in the Circuit Court of Bolivar County, Mississippi, against Raymond Wong, Steven Hayne, and Starks Hathcock challenging the validity of his conviction.[1]  Doc. #2; Doc. #8-1 at 1.  On January 5, 2017, Hathcock, with Hayne's consent, removed the case to this Court on the basis of federal question jurisdiction.  Doc. #1.  In the notice of removal, Hathcock asserts that Wong's consent is unnecessary because he was fraudulently joined.  *Id*. at 2.

On January 9, 2017, Hathcock and Hayne ("removing defendants") filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Doc. #6.  On or about February 1, 2017, Hayes filed "Plaintiff's Response to Defendant's Notice of Removal," which in substance is

---

[1] The state court complaint is stamped as filed on May 15, 2015.  *See* Doc. #2 at 1.  However, the complaint reflects a 2016 civil action number and was accompanied by a May 24, 2016, affidavit of poverty.  *Id*. at 21.  Additionally, the certified state court docket reflects a filing date of June 16, 2016.  Doc. #8-1 at 1.  Accordingly, it is clear that the stamped filing date is incorrect.

a motion to remand;[2] and a "Motion to Dismiss Defendants' Motion on Behalf for/of Plaintiff," which is Hayes' response to the removing defendants' motion to dismiss.[3]  Doc. #9.

On February 15, 2017, the removing defendants filed a reply in support of their motion to dismiss.  Doc. #10.  One week later, on February 22, 2017, the removing defendants filed a response in opposition to the motion to remand.  Doc. #15.

On or about March 31, 2017, Hayes filed "Plaintiff's Response to Defendant's Reply Memorandum in Support of the Defendants' Motion to Dismiss Complaint," Doc. #17; and a "Motion to Bar Respondents Opposition Motion to Complaint," Doc. #18, which is a reply in support of his motion to remand.  On April 20, 2017, Hayes filed a "Motion Supplementing Response to Defendants' Opposition Motion and Request to Dismiss Complaint," which is a second reply in support of his motion to remand.  Doc. #20.  On May 4, 2017, the removing defendants filed a motion to strike the April 20 reply.  Doc. #21.

On July 18, 2017, United States Magistrate Judge Jane M. Virden issued a Report and Recommendation recommending that the removing defendants' motion to dismiss be granted and that Hayes' claims be dismissed for failure to state a claim.  Doc. #23.  Hayes acknowledged receipt on July 21, 2017, Doc. #24; and, on or about August 3, 2017, requested an extension to file his objections, Doc. #25.  On August 8, 2017, Judge Virden granted Hayes twenty-one (21) days to file objections.  Doc. #26.

On or about September 8, 2017, Hayes filed objections to the Report and Recommendation.[4]  Doc. #28.  On September 21, 2017, Judge Virden denied the removing

---

[2] Hayes asks the Court "to remand the case back to the Bolivar Co. Cir. Court for the reasons set forth in the motion in response."  Doc. #9 at 9.

[3] On February 21, 2017, Hayes' motion to remand and his response in opposition to the motion to dismiss were refiled as separate documents.  *See* Doc. #11; Doc. 12.

[4] Although Hayes' objections were filed after the deadline, in the interest of justice, the Court will consider their merits.  *See In re El Paso Apparel Grp., Inc.*, 288 B.R. 757, 762 (W.D. Tex. 2003) ("It is clear that a court, in its discretion, may consider untimely submissions when it is in the interest of justice, and particularly in the absence of

defendants' motion to strike. Doc. #30.

## II
## Motion to Remand

Hayes' motion seeks remand on the grounds that the notice of removal was untimely and is in violation of the rule of unanimity. Because "[d]istrict courts have no power to overlook procedural errors relating to the notice of removal,"[5] the Court will first address Hayes' motion to remand.

### A. Removing Defendants' Motion to Strike

The removing defendants moved to strike Hayes' April 20, 2017, filing as an "unauthorized sur-reply." Doc. #21 at 2. While Judge Virden issued an order denying the motion, this Court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *S. Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc.*, 921 F.Supp.2d 548, 564 (E.D. La. 2013). This power may be exercised sua sponte. *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991).

Local Rule 7 only authorizes the filing of a motion, a response, and a reply. *See* L.U. Civ. R. 7(b). Because Hayes did not seek the Court's permission to file another reply, the Court concludes that the interest of enforcing the Local Rules warrants rescinding Judge Virden's order denying the motion to strike. Therefore, Judge Virden's order is rescinded and the motion to strike granted.

### B. Motion to Remand Standard

A defendant may remove to federal court a claim filed in state court that could have been initially brought in federal court. 28 U.S.C. § 1441(a). "The party seeking to remove bears the

---

any objection thereto.").

[5] *Harden v. Field Mem. Cmty. Hosp.*, 516 F.Supp.2d 600, 606 (S.D. Miss 2007).

burden of showing that federal jurisdiction exists and that removal was proper. Any ambiguities are construed against removal and in favor of remand to state court." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (internal citations omitted).

### C. Motion to Remand Analysis

To properly remove a case, the removing party must file a notice of removal within thirty days of receipt of the pleading or service of the summons. 28 U.S.C.A. § 1446(b). Additionally, when multiple defendants are named in an action, "all defendants to an action [must] either sign the original petition for removal *or* timely file written consent to the removal." *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015).

As explained above, Hathcock removed this action prior to being served and without Wong's consent. In the notice of removal, Hathcock contends that "pre-service removal in this instance is proper;" and "[b]ecause Wong is not a state actor for purposes of suits brought through Section 1983, his consent to removal is not required as he was fraudulently joined in this case." Doc. #1 at 1–2 (emphasis omitted). In his motion to remand, Hayes argues that he made several attempts to locate Hathcock and furnish him with a summons, and that Wong is a proper party to this suit. Doc. #9 at 1–9. Hayes further argues that "the court is to look at the case as of the time it was filed in state court, prior to the time a defendant filed their answer in federal court"[6] and "[i]n cases involving multiple defendants, all defendants must consent to removal within the required (30) thirty-day period." Doc. #18.

*1. Timeliness*

Although less than clear, it appears Hayes argues that the notice of removal was untimely

---

[6] Hayes goes on to argue that "the defendant must file his petition [for removal] before time for answer or forever lose his right to remove." Doc. #19 at 5.

4

because he made attempts to serve Hathcock and that such attempts began the thirty-day window for removal. However, the thirty-day removal clock only begins to run once *proper* service has been made. *Lee v. Pineapple Mgmt. Servs., Inc.*, 241 F.Supp.2d 690, 693 (S.D. Miss. 2002) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999)). While the Court understands Hayes' difficulty in properly serving Hathcock, this argument does nothing to attack the removing defendants' stance that Hathcock was not properly served and that pre-service removal is proper. As such, the Court declines to deem the notice of removal deficient on the grounds urged by Hayes.[7]

## 2. Consent

> The Fifth Circuit has recognized three exceptions to the rule of unanimity: (1) improperly or fraudulently joined defendants, *see Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 2003); (2) nominal or formal parties, *see Farias v. Bexar Cnty. Bd. of Tr. for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991); and (3) defendants who have not been served by the time of removal, *see Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992).

*Thompson v. Gen. Motors LLC*, No. 4:16-cv-26, 2016 WL 7471328, at *3 (N.D. Miss. Dec. 28, 2016) (quoting *Eagle Capital Corp. v. Munlake Contractors, Inc.*, No. 5:10-cv-99, 2012 WL 568701, at *2 (S.D. Miss. Feb. 21, 2012)). Here, the removing defendants contend that Wong's consent was unnecessary because he was fraudulently joined. Doc. #1 at ¶ 4.

There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against [a defendant]." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). The latter inquiry centers on "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff

---

[7] Because "defects in removal procedures are waived unless raised in a motion to remand within 30 days after removal," the Court will not address the validity of pre-service removal. *See In re Shell Oil Co.*, 932 F.2d 1518, 1522 (5th Cir. 1991).

5

against a … defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [the] defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In resolving this question, "[a] district court should ordinarily ... conduct[] a Rule 12(b)(6)-type analysis." *McDonal v. Abbot Labs.*, 408 F.3d 177, 183 n.6 (5th Cir. 2005).

In his complaint, Hayes alleges that Wong, his court appointed attorney, was "deficient" and thus violated his Sixth Amendment right to counsel. Doc. #2 at 13. The removing defendants argue that there is no possibility of recovery against Wong under § 1983 because as Hayes' court appointed attorney during his 2003 state criminal trial, Wong is not a state actor for purposes of state law. Doc. #1 at ¶ 4; Doc. #15 at 5.

To establish liability under a Section 1983 claim,[8] there must be: "(1) a deprivation of a right secured by federal law (2) that occurred under color of state law, and (3) was caused by a state actor." *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004). Generally, neither a public defender nor a court-appointed defense counsel may be considered a "state actor" under § 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983."). However, a defense attorney may become a state actor if he

---

[8] It is unclear whether Hayes expressly asserts a claim under § 1983 or is attempting to proceed directly under the Sixth Amendment, as incorporated by the Fourteenth Amendment. However, because § 1983 provides the exclusive remedy for a Sixth Amendment claim against an alleged state actor, the claim is properly characterized as brought under § 1983. *See, e.g., Carr v. Baynham*, No. 6:08-cv-12, 2008 WL 1696881, at *2 (E.D. Tex. Apr. 9, 2008) ("Carr does not have a private right to bring a civil lawsuit directly under the Sixth Amendment, and so must proceed through Section 1983.").

actively conspires with the prosecution to secure a conviction against the criminal defendant. *Tower v. Glover*, 467 U.S. 914, 916 (1984). To support a conspiracy claim under § 1983, a plaintiff "must allege facts that suggest: 1) an agreement between the private and public defendants to commit an illegal act, and 2) an actual deprivation of constitutional rights." *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994).

In his motion to remand, Hayes contends that Wong "showed conspiratorial actions to cause an unfair justice or wrongful conviction." Doc. #11 at 4. To this end, Hayes alleges that Wong (1) only met with him a few weeks before trial and had not prepared sufficiently for that meeting; (2) did not present discovery to him until the day of trial; (3) told him that he had to accept the State's plea offer of 20 years; (4) failed to seek a continuance to subpoena two witnesses; (5) failed to seek jury instructions on imperfect self-defense, depraved heart murder, and accessory or aiding and abetting; (6) failed to object to jury instructions regarding self-defense and standing one's ground; (7) failed to properly screen State expert Dr. Steven Hayne; (8) failed to object to Dr. Hayne's testimony which was speculative and outside his area of expertise; and (9) failed to object to the testimony of Starks Hathcock, the State's firearms and ballistics expert. Nowhere in Hayes' allegations can the Court discern a factual allegation supporting his contention that Wong acted in concert with the prosecution to secure Hayes' conviction. Because Hayes has failed to show that Wong committed conspiracy or that Wong is a state actor, Hayes has failed to state a claim against Wong under § 1983. Accordingly, Hayes' motion to remand is denied.

## III
## Motion to Dismiss and Report and Recommendation

### A. Relevant Standards

To the extent the Report and Recommendation addresses the pending motion to dismiss,

review of the Report and Recommendation implicates two standards—the standard for evaluating reports and recommendations and the standard for Rule 12(b)(6) motions.

### 1. 12(b)(6) Standard

"The pleading standards for a Rule 12(b)(6) motion to dismiss are derived from Rule 8 of the Federal Rules of Civil Procedure, which provides, in relevant part, that a pleading stating a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012) (quotation marks omitted). Under Rule 12(b)(6), "[t]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Brittan Commc'ns Int'l v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002). Under this standard, a court must "accept all well-pleaded facts as true." *New Orleans City v. Ambac Assurance Corp.*, 815 F.3d 196, 199–200 (5th Cir. 2016) (quotation marks omitted). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do so." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quotation marks and alterations omitted). Rather,

> [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 544) (internal citations omitted).

### 2. Report and Recommendation Standard

Where objections to a report and recommendation have been filed, a court must conduct a

"de novo review of those portions of the ... report and recommendation to which the Defendants specifically raised objections. With respect to those portions of the report and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record." *Gauthier v. Union Pac. R.R. Co.*, 644 F.Supp.2d 824, 828 (E.D. Tex. 2009) (citing *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996)) (internal citation omitted).

### B. Analysis

Hayes objects to the Report and Recommendation on the grounds that it does not acknowledge his (1) assertions that the removal of the case was untimely and that all of the defendants must consent to the removal of the case within thirty (30) days, or (2) his response to the removing defendants' motion to strike his second reply. For the reasons above, Hayes objections are overruled. Having further reviewed the remainder of the Report and Recommendation for clear error and found none, the Report and Recommendation is adopted as the opinion of the Court.

## IV
## Conclusion

For the reasons above: the order denying the removing defendants' motion to strike [30] is **RESCINDED**; the removing defendants' motion to strike [21] is **GRANTED**; Hayes' motion to remand [11] is **DENIED**; the Report and Recommendation [23] is **ADOPTED** as the order of the Court; and the removing defendants' motion to dismiss [6] is **GRANTED**. Therefore, Hayes' claims are **DISMISSED** for failure to state a claim upon which relief could be granted, counting as a "strike" under 28 U.S.C. § 1915(g). This case is **CLOSED**.

**SO ORDERED**, this 22nd day of September, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**